1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11     UNITED STATES OF AMERICA,              Case Nos. 5:22-po-00062-CDB
                                                        5:22-po-00063-CDB
12                 Plaintiff,

13           v.                               ORDER ON DEFENDANT'S MOTION
                                              TO DISMISS (DOC. 14) AND
14     SHELINA HARDWICK-MOSES,                PLAINTIFF'S MOTION FOR LEAVE TO
                                              DISMISS (DOC. 16)
15                 Defendants.

16

17

18          On October 18, 2022, Defendant Shelina C. Hardwickmoses moved to dismiss these actions

19   with prejudice.  Doc. 14.  The government filed a statement of non-opposition to the dismissals but

20   opposed Defendant's position "that the just remedy is dismissal with prejudice."  Doc. 15.  The

21   government concurrently filed pursuant to Rule 48(a) a motion for leave to dismiss both actions

22   without prejudice. Doc. 16.  The motions were heard on November 1, 2022.  Assistant U.S.

23   Attorney Alex Dempsey appeared and argued on behalf of the government, and Assistant Federal

24   Defender Erin Snider appeared and argued on behalf of the Defendant.  As the parties agree that

25   dismissal of the actions is warranted, the sole issue left for resolution is whether dismissal should

26   be with, or without, prejudice.

27          For the reasons set forth below, the government's motion pursuant to Rule 48(a) for leave

28

to dismiss the actions without prejudice is GRANTED and the actions are dismissed without prejudice. Defendant's motion is DENIED AS MOOT.

**STATEMENT OF FACTS**

Hardwickmoses is charged with two violations of Title 18, United States Code, Section 1382 – trespassing on a military installation, a Class B misdemeanor. The Probable Cause Statements filed in support of the citations set forth that the officers assigned to Edwards Air Force Base (AFB) encountered Hardwickmoses on January 22, 2022, as she was walking near a flight line on the base, and on February 8, 2022, while she was walking in the vicinity of her ex-husband's residence. Hardwickmoses signed the January 22 citation but refused to sign the February 8 citation.

Hardwickmoses made her initial appearance in Court on both citations via videoconference on May 3, 2022. Doc. 3. Initial discovery was ordered to be produced within two weeks. *Id. See* Local Rule 440(a) (government required to produce Rule 16 discovery within 14 days). On the last day remaining to comply with the Court's discovery order and Local Rule 440, the government notified counsel for Hardwickmoses that it had no discovery to produce at that time.[1] Over the next three months, Defense counsel transmitted several informal discovery demands to the government, most of which required her to re-inquire multiple times in the face of the government's non-responsiveness to the initial requests.

In her emails to the government, counsel for Hardwickmoses articulated at least one of the theories of the defense: to wit, that Hardwickmoses was authorized to be on Edwards AFB at the time of her alleged trespassing because, although she was in the process of divorcing her active-duty spouse (through whom her base privileges derived), the finalization of that divorce was recent enough that Hardwickmoses's on-base privileges were still active. Doc. 14 at pp. 4-5.

Ultimately, on August 23, 2022, Hardwickmoses filed a motion to compel discovery. Doc. 9. The government did not file a response. At a hearing on Hardwickmoses's motion on September 6, 2022, the government agreed to produce documents and materials in its possession and control

---

[1] In its statement of non-opposition, the government did not address or challenge the facts set forth in Hardwickmoses's motion. Accordingly, the Court presumes the facts presented in Hardwickmoses's motion and recited herein are accurate.

1    that were responsive to all seven categories of discovery requested by Hardwickmoses in her

2    motion.  The Court ordered responsive discovery to be produced on or before September 9, 2022.

3          The government did not produce any further discovery to Hardwickmoses until ten days

4    after the Court's deadline (on September 19, 2022).  On that date, the government produced (among

5    other items) an email from Hardwickmoses's ex-husband confirming that he had not informed her

6    the divorce was finalized prior to her entry onto the base on January 22, 2022, and an order dated

7    February 7, 2022, directing Hardwickmoses not the enter or reenter the base, but which was

8    unsigned by Hardwickmoses.  In its statement of non-opposition to Hardwickmoses's present

9    motion to dismiss, the government concedes this production of documents "was not timely."  Doc.

10   15.

11                    **GOVERNING LEGAL STANDARD**

12         Rule 16 of the Federal Rules of Criminal Procedure requires the Government to produce,

13   on request of the defendant, numerous categories of documents and materials, including documents

14   that are material to the preparation of a defense or that are intended for use by the Government as

15   evidence in chief at trial.  Rule 16(a)(1)(C).  Separately, "[w]hen faced with a request for specific

16   evidence that is material to the issue of the defendant's guilt, the prosecution has a duty either to

17   produce the evidence or submit it to the court for determination as to whether it must be produced."

18   *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (*citing United States v. Agurs*, 427 U.S.

19   97, 106 (1976)).

20         The trial court, when faced with a violation of Rule 16, "may enter such order as it deems

21   just under the circumstances" (Fed.R.Crim.P. 16(d)(2)), but "should not impose a sanction harsher

22   than necessary to accomplish the goals of Rule 16."  *United States v. Gee*, 695 F.2d 1165, 1169

23   (9th Cir. 1983).  In choosing an appropriate sanction, the Court properly may consider the need to

24   deter future Rule 16 violations.  "Thus, reckless misconduct, if prejudicial, may sometimes warrant

25   dismissal. Otherwise, a prosecutor who sustains an erroneous view of her *Brady* obligations over

26   time will be inadequately motivated to conform her understanding to the law."  *Gov't of Virgin*

27   *Islands v. Fahie*, 419 F.3d 249, 256 (3d Cir. 2005).

28

**ANALYSIS**

At the hearing on Hardwickmoses's motion, defense counsel could not state with certainty whether the January 22 email or the February 7 order that the government first produced to Hardwickmoses on September 19, 2022, were responsive to her discovery motion (and, by extension, to the Court's September 6 discovery order).  Regardless, it is beyond dispute that both documents are material to the preparation of a defense and, likewise, exculpatory, such that the government was required to produce them under Rule 16(a)(1)(C) and under *Brady v. Maryland*, long before the production made on September 19, 2022.

The exculpatory nature of the January 22 email is plain because, under 18 U.S.C. § 1382, "going upon a military base with knowledge that such entry is unauthorized violates the statute." *United States v. Hall*, 742 F.2d 1153, 1155 (9th Cir. 1984).  If, as the email reportedly indicates, Hardwickmoses's husband had not notified her that their divorce was finalized, Hardwickmoses could rely on the email to argue she did not know her presence on the base was prohibited.  Likewise, that the February 7 order directing Hardwickmoses not to reenter the base was unsigned could be used by the defense to argue she thought she was authorized to be present on the base.

The government has no excuse here that its untimely production of exculpatory material was the result of its failure to grasp the significance of the two documents to Hardwickmoses's preparation of a defense.  That is because counsel for Hardwickmoses *told* the government its theory of the defense on July 18, 2022, and the government responded on July 25, 2022, that it was still investigating whether and to what extent the finalization of Hardwickmoses's divorce impacted the case.  Doc. 14 at p.4-5.

Although the government admittedly failed to timely comply with the Court's discovery orders and its discovery obligations in this case, Hardwickmoses fails to establish that the extreme remedy of dismissal with prejudice is warranted.  A court unquestionably "is imbued with discretion in the supervision of proceedings before it and may dismiss an action when, in its judgment, 'the defendant suffers substantial prejudice and where no lesser remedial action is available.'" *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008) (citations and quotation

1    marks omitted).  Under its inherent supervisory powers, a court may dismiss criminal charges "(1)

2    to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to

3    preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly

4    before a jury; and (3) to deter future illegal conduct." *United States v. Struckman*, 611 F.3d 560,

5    574 (9th Cir. 2010) (*quoting United States v. Hasting*, 461 U.S. 499, 505 (1983) (internal citations

6    and quotation marks omitted)).  Dismissal under the court's supervisory powers is available even

7    if "the conduct does not rise to the level of a due process violation." *United States v. Barrera-*

8    *Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991).  However, dismissal with prejudice for prosecutorial

9    misconduct is appropriate only if there is "(1) flagrant misbehavior and (2) substantial prejudice."

10   *Kearns*, 5 F.3d at 1253. Further, the court must "approach [the remedy] with some caution and a

11   with a view toward balancing the interests involved," *Hasting*, 461 U.S. at 506–07 (citations and

12   quotation marks omitted), and have concluded that there is "no lesser remedial action" available to

13   it.  *Chapman*, 524 F.3d at 1087 (citations omitted).

14        To determine whether these prerequisites for dismissal are satisfied, the Court has reviewed

15   the evidence in question and considered the circumstances of its withholding.  Based on the parties'

16   submissions and the record developed during the hearing on Hardwickmoses's motion, the Court

17   finds that the untimely discovery productions noted above were not willful, although it is not clear

18   whether they were the product of recklessness, negligence, poor training or mere inadvertence.

19   While the government's delay in producing the discovery caused inconvenience to counsel for

20   Hardwickmoses, at the hearing, counsel did not identify other information to support a finding of

21   substantial prejudice.

22        Counsel for Hardwickmoses identifies prior cases from the Court's monthly petty offense

23   calendar and suggests the government "does not understand the importance of complying with its

24   discovery obligations." Doc. 14 at p. 8.  The government acknowledges its failure to timely comply

25   with its discovery obligations in this case.  Further, while the government could have opposed

26   dismissal on the grounds that a lesser sanction was sufficient, it has acted responsibly in joining

27   Hardwickmoses to request dismissal of the action.  To minimize the possibility of future discovery

28

mishaps, the Court strongly encourages the government to reiterate to its petty offense investigating agencies the importance of timely searching for and producing documents that it is obligated to produce to defendants shortly after their initial appearance.

Because the Court is satisfied that granting the government leave to dismiss without prejudice pursuant to Rule 48(a) is not contrary to the public interest and there otherwise exists no exceptional circumstances warranting denial, the Court grants the motion. *See United States v. Gonzalez*, 58 F.3d 459, 461-62 (9th Cir. 1995).

**CONCLUSION**

ACCORDINGLY, it is HEREBY ORDERED that the government's motion pursuant to Rule 48(a) for leave to dismiss the actions without prejudice is GRANTED and the actions are dismissed without prejudice.  Defendant's motion is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   __**November 1, 2022**__          _____
UNITED STATES MAGISTRATE JUDGE